```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
------------------------------x
                              :
RUFUS HUNTER                  :
                              :
v.                            :    CASE NO.  3:14cv638(AWT)
                              :
UNITED STATES OF AMERICA      :
                              :
------------------------------x
```

### RULING ON MOTION UNDER 28 U.S.C. § 2255
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Rufus Hunter, proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the petitioner's contentions are without merit, and the motion is being denied without a hearing.

I.  **Factual and Procedural Background**

On April 16, 2012, the petitioner pled guilty to Count Two of an Indictment, which charged him with conspiring from on or about December 21, 2011 to on or about May 31, 2012, to possess with intent to distribute 28 grams or more of cocaine base/"crack" in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).  The charge to which the petitioner pled guilty plea carried a statutory mandatory minimum term of five years of imprisonment and a maximum term of incarceration of 40 years.

In a written plea agreement, the parties contemplated an effective advisory Guidelines range of 130 to 162 months of imprisonment, based on a Total Offense Level of 27 and Criminal History Category VI.  The plea agreement also calculated an alternative Guidelines range of 151 to 188 months, which would be effective if the defendant were determined to be a career offender. The government conditionally agreed to recommend a three-level reduction for acceptance of responsibility and the defendant waived his right to appeal or collaterally attack a sentence that did not exceed 188 months of imprisonment, a three-year term of supervised release and a $100,000 fine.

The Presentence Report contained a Guidelines calculation which mirrored that of the parties, except that Probation Office recommended a four-level enhancement for role in the offense, while the parties had agreed to a two-level enhancement.  The resulting recommended range in the Presentence Report was 151 to 188 months.

At the sentencing on August 6, 2013, the court adopted the Guidelines stipulation of the parties and determined the applicable range to be 130 to 162 months of imprisonment.  The range of 130 to 160 months was based on factors that had been agreed to by the parties, and were in any event established in the record by a preponderance of the evidence.  The court imposed a sentence of 130 months of imprisonment, to be followed

by a five-year term of supervised release, no fine and a $100 special assessment.  The petitioner did not appeal.

The petitioner contends that, in fashioning his sentence, the court violated the rules of Alleyne v. United States, 133 S. Ct. 2151 (2013), Gall v. United States, 552 U.S. 38 (2007), Apprendi v. New Jersey, 530 U.S. 466 (2000), and other cases related to statutory mandatory maximum and minimum sentences. He also contends that he was afforded ineffective assistance of counsel with respect to the same issues.

**II.  Legal Standard**

A "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal citation and quotation marks omitted).  Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  However, "[t]he language of the statute does not strip the district courts of all discretion to exercise their common sense."  Machibroda v. United States, 368 U.S. 487, 495 (1962). In making its determination regarding the necessity for a

3

hearing, a district court may draw upon its personal knowledge and recollection of the case.  See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1997); United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990).  A § 2255 petition, or any part of it, then, may be dismissed without a hearing if, after a review of the record, the court determines that the motion is without merit because the allegations are insufficient as a matter of law.

### III. Discussion

The sentence of 130 months of imprisonment was above what the court concluded was the applicable mandatory minimum but at the bottom of the recommended Guidelines range, and was also well below the statutory maximum of 40 years for the crime the defendant admitted committing.  Thus, the factual determinations by the court which affected the sentence did not implicate a higher mandatory minimum sentence or a higher maximum sentence than the statutory mandatory minimum and maximum to which the petitioner allocuted at the time he pled guilty.

The petitioner claims that had his counsel "invoked the Rule of Apprendi/Alleyne, there exist[s] a reasonable probability that his sentence would have been not more than five-years." (Motion (Doc. No. 1), p.11, para. 13.)

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  However, because the court did not sentence the defendant to a term of imprisonment that exceeded 40 years, the statutory maximum to which he allocuted, Apprendi is not implicated here.

In Alleyne, the Supreme Court held that the constitutional rule announced in Apprendi applies to facts that increase the mandatory minimum punishment for a crime, and that under Apprendi, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155.  The Court overruled Harris v. United States, 536 U.S. 545 (2002), in which it had held that Apprendi did not preclude the use of facts found by a judge at sentencing to increase a defendant's mandatory minimum sentence. The Court explained that "the essential Sixth Amendment inquiry is whether a fact is an element of the crime," and that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." Id. at 2162.  The Court held that because a fact that increases the minimum "aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury." Id.  The Court noted,

however, that its ruling did not "mean that any fact that influences judicial discretion must be found by a jury," and that it had "long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." Id. at 2163.

Here, the five-year mandatory minimum sentence was the result of the fact that the conspiracy to which the petitioner pled guilty involved 28 grams or more of cocaine base/"crack", and the petitioner stipulated to "a quantity of at least 28 grams but less than 112 grams of cocaine base/'crack'". (Plea Agreement p.3, 3:12cr206 (Doc. No. 178).) The base offense level for that quantity given that the defendant was Criminal History Category VI, standing alone, resulted in a Guidelines range that was higher than five years, but it did not increase his statutory minimum sentence. Likewise the adjustments pursuant to Guidelines § 2D1.1(b)(1) for possessing a dangerous weapon and pursuant to 3B1.1(a) for role in the offense, to which the defendant also stipulated, increased his Guidelines range but did not increase his statutory minimum sentence. Thus Alleyne is not implicated here.

The petitioner also argues that "[t]he imposition of sentence violated the Supreme Court holdings in Gall v. United States, 552 U.S. 38[] ([]2007)." (Motion (Doc. No. 1) p.8 (Ground Three).) In Gall, the Supreme Court held "that, while

6

the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007).  Gall is not implicated here.

The petitioner also argues that he received ineffective assistance of counsel because his counsel failed to raise his claim that his sentence was unconstitutional based "the rule of Apprendi/Alleyne", (Mot. (Doc. No. 1) p.6 (Ground Two)), and "under Gall", (Id. p. 9 (Ground Four)).  To prevail on an ineffective assistance of counsel claim, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).  Here there was no error on the part of counsel in not raising the contentions the petitioner now advances because those contentions are completely lacking in merit.  Thus there is no basis for an ineffective of counsel claim.

**IV. Conclusion**

For the reasons set forth above, the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. No. 1) is hereby DENIED. The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

It is so ordered.

Dated this 22nd day of October 2015, at Hartford, Connecticut.

>                /s/AWT
>             Alvin W. Thompson
>        United States District Judge